UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| Joseph Martin, *on behalf of himself and all others similarly situated*, | : <br> : <br> : <br> : |
| Plaintiff, | : Civil Action No.: 2:15-cv-2099 |
| v. | : <br> : **CLASS ACTION COMPLAINT** |
| Pioneer Credit Recovery, Inc., | : <br> : |
| Defendant. | : <br> : |

Plaintiff, Joseph Martin, by and through his undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1.   Plaintiff, Joseph Martin ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Pioneer Credit Recovery, Inc. ("Pioneer" or "Defendant"). Defendant negligently placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

## JURISDICTION AND VENUE

2.   This Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

3.   Jurisdiction in this District is proper pursuant to 28 U.S.C. § 1332(d)(2), as Plaintiff seeks up to $500 in damages for each violation of the TCPA, which when aggregated among a proposed class numbering more than a thousand members, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Plaintiff also alleges a national class which will result in at least one class member residing in a different state.

4.   Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because

Plaintiff resides within the Northern District of Illinois, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

**PARTIES**

5. The Plaintiff, Joseph Martin ("Plaintiff") is, and at all times mentioned herein was, an adult individual residing in Danville, Illinois.

6. Plaintiff has never had a business relationship with Pioneer and never consented to be contacted by Pioneer on his cellular telephone.

7. Pioneer is, and at all times mentioned herein was, a Delaware corporation licensed to do business in the State of Illinois as a foreign corporation.

8. Pioneer operates, and at all times mentioned herein operated, as a debt collection agency.

9. Pioneer "is a wholly-owned subsidiary of Navient Corporation," formerly known as Sallie Mae, and "a member of Navient's Collection Services." Navient is publicly traded on the NASDAQ. *See* www.pioneercreditrecovery.com/About.aspx (last visited May 5, 2015).

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA regulates, among other things, the use of automated telephone dialing systems.

12. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A)   to store or produce telephone numbers to be called, using a random or sequential number generator; and

(B) to dial such numbers.

13. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

14. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls. The FCC also recognized that wireless customers are charged for incoming calls.[1]

15. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.[2]

## TCPA CLASS ACTION ALLEGATIONS

16. Upon information and belief, Defendant employs an ATDS which meets the definition set forth in 47 U.S.C. § 227(a)(1), and used its ATDS to call Plaintiff on his cellular telephone.

17. Upon information and belief, the specific ATDS that Defendant used to call Plaintiff and other members of the class is the "Noble dialer." *See* Pioneer publication entitled "Privacy Impact Assessment for the Collection Resource System (CRS) and Supporting Systems," dated March 12, 2009 ("Privacy Impact Assessment"), p. 7; and Linkedin entry for Jeff Anderson, www.linkedin.com/pub/jeff-anderson/11/901/a29 (last visited May 5, 2015)

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C.R. 14014 (2003).
[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 2008 WL 65485 (F.C.C.) (2008) ("2008 FCC Declaratory Ruling").

("Implementation of predictive dialer (NOBLE) for 900 agents at Pioneer Credit Recovery," and "direct support of software and hardware for Noble predictive dialer").

18. The "Noble Dialer" is described on the Noble Systems' website as a "predictive dialer." *See* www.noblesys.com/products/outbound.aspx (last visited May 5, 2015).

19. The FCC has defined ATDS's, under the TCPA, to include "predictive dialers." *See* 2008 FCC Declaratory Ruling, ¶ 12.

20. Defendant used its ATDS to call Plaintiff on his cellular telephone 11 times on the following dates: May 22, 23, 25 and 29, 2013 and June 3, 4 (twice), 5 (twice), 6 and 7, 2013.

21. The telephone number that Defendant used to contact Plaintiff was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

22. Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

23. Defendant does not have prior express consent to place automated calls using an ATDS or an artificial or prerecorded voice to Plaintiff on his cellular telephone.

24. Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that it had prior express consent to call Plaintiff's cellular phone using an ATDS or an artificial or prerecorded voice.

25. Defendant obtained Plaintiff's cellular telephone number, as well as those of other potential members of the class, not from the purported debtors or their creditors, but through "skip tracing."

26. Defendant acknowledges that "our collection methodology utilizes focused and proven skip-tracing." *See* www.pioneercreditrecovery.com/CollectionMethodology.aspx (last visited May 5, 2015).

27. In its Privacy Impact Assessment, Defendant further acknowledges that it uses "skip tracing analysis" and obtains "skip tracing information" from Fast Data, Experian, Trans Union, Insight, Teletrack, CBC Innovis and Accurint and uses this information "to perform collection activities." Privacy Impact Assessment, p. 4.

28. One of the skip tracing services that Defendant uses, Accurint, describes that it offers "robust search tools that streamline skip trace efforts and pinpoint right-party contacts" which "simplifies your collections workflow by helping you quickly find people and businesses." *See* Accurint website, www.lexisnexis.com/risk/solutions/contact-locate/skip-tracing-accurint-collections.aspx (last visited May 5, 2015).

A. *The Class*

29. Plaintiff seeks to bring TCPA claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

30. Plaintiff's proposed Class is as follows, subject to amendment as appropriate:

> **Class Definition. All persons within the United States who received one or more non-emergency telephone calls from Pioneer to a cellular telephone through the use of an ATDS and who did not provide prior express consent for such calls.**

31. The Class shall cover the period from September 15, 2010 to the date of judgment, as a similar TCPA class action against Pioneer concluded in a settlement class for the period from October 27, 2005 through September 14, 2010. *See Arthur v. Sallie Mae, Inc.*, United States District Court for the Western District of Washington, Case No. 10-cv-00198-JLR.

32. Excluded from the Class are all officers, directors, and employees of Defendant, together with those individuals' immediate family members, and their respective legal representatives, heirs, successors and assigns, the officers, directors and employees of any

parent, subsidiary or affiliate of Defendant, together with those individuals' immediate family members, Counsel for Defendant and Class Counsel and their immediate family members, in addition to those whose claims are barred by the statute of limitations.

### B. *Numerosity*

33. Upon information and belief, Defendant has placed automated calls using an ATDS to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

34. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### C. *Common Questions of Law and Fact*

35. There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual Class members.

36. The following questions of law and fact common to the Class members are ripe for determination:

   a. Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS;

   b. Whether Defendant can meet its burden of showing it obtained prior express consent to make each call;

   c. Whether Defendant's conduct was knowing and/or willful;

   d. Whether Defendant is liable for damages, and the amount of such damages; and

e. Whether Defendant should be enjoined from such conduct in the future.

37. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places automated calls to telephone numbers assigned to cellular telephone services, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

D. *Typicality*

38. Plaintiff's claims are typical of the claims of the Class since each of the claims arises from the same or a substantially similar automated telephone call.

E. *Protecting the Interests of the Class Members*

39. Plaintiff will fairly and adequately represent Class interests.

40. All Class claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

41. Plaintiff has retained counsel experienced in litigating class actions and consumer claims and who stands ready, willing, and able to represent the Class.

F. *Proceeding Via Class Action is Superior and Advisable*

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

43. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and therefore would have no effective remedy at law.

44. The members of the Class are generally unsophisticated individuals whose rights will not be vindicated absent a class action.

45. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of both the

Court and the litigants, and promotes consistency and efficiency of adjudication.

46. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant. Conversely, adjudications with respect to individual Class members would be dispositive of the interest of all other Class members.

47. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner to vindicate the injuries sustained by Plaintiff and the other members of the Class.

## COUNT I
## Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.

48. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

49. Defendant negligently placed multiple automated calls using an ATDS to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

50. Each of the aforementioned calls by Defendant constitutes a violation of the TCPA.

51. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

52. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. An award of attorney's fees and costs to counsel for Plaintiff and the Class; and

4. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 7, 2015

        Respectfully submitted,

        By   */s/ Sergei Lemberg*

        Sergei Lemberg, Esq.
        LEMBERG LAW, LLC
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        Attorney for Plaintiff